UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SENTRY SELECT INSURANCE COMPANY | § § § | |
| v. | § § | CIVIL ACTION NO. 4:20-cv-00272 |
| CORINTH AUTOMOTIVE PLANO LLC DBA CENTRAL KIA OF PLANO | § § § | |

**PETITION FOR DECLARATORY JUDGMENT AND
FOR APPOINTMENT OF UMPIRE**

Plaintiff, Sentry Select Insurance Company ("Sentry"), files this Petition, seeking declaratory judgment and the appointment of an umpire, and in support of same, would show the following:

1.

Sentry is a citizen of the State of Wisconsin, being an insurance company incorporated in the State of Wisconsin, and having its principal place of business in the State of Wisconsin.

2.

Defendant, Corinth Automotive Plano LLC DBA Central Kia of Plano ("Corinth") is a citizen of the State of Texas, being a limited liability company formed under the laws of the State of Texas, whose only member, Frank Mihalopoulos, is a citizen of the State of Texas, being an individual domiciled in the State of Texas.  Corinth may be served with summons in this lawsuit by service on its registered agent for service of process, Maryann Sarris Brousseau, 4645 N. Central Expressway, Suite 300, Dallas, Texas 75205.

3.

This is an action for declaratory judgment pursuant to Title 28, United States Code, § 2201 *et seq*. Sentry seeks a determination of question(s) of actual controversy between the parties as

hereinafter stated. Jurisdiction of this action is based upon Title 28, United States Code § 1332(a), there being diversity of citizenship between the parties and the amount in controversy exceeds $75,000; exclusive of interest and costs.

4.

Venue is properly placed under Title 28, United States Code § 1391.

5.

This action arises from a claim for wind and/or hail damage made by Corinth allegedly occurring on or about April 4, 2019 to the building located 3401 N. Central Expressway, Plano, Texas 75023.

6.

At the time of the alleged hail and/or wind damage claimed by Corinth, the property at 3401 N. Central Expressway, Plano, Texas 75023 was insured under Sentry Policy Number 2532407001, with effective dates of March 1, 2019 to March 1, 2020.

7.

Sentry would show that disagreement over the amount of loss concerning Corinth's claim exists. The insurance contract contains a provision called appraisal for resolving such disputes. This provision provides as follows:

> **APPRAISAL**
>
> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of such demand. The two appraisers will select an umpire. If they cannot agree within 15 days upon such umpire, either may request that selection be made by a judge of a court having jurisdiction. Each appraiser will state the amount of loss. If they fail to agree, they will submit their differences

to the umpire.  A decision agreed to by any two will be binding as to the amount of loss.  Each party will:

**a.**	Pay its chosen appraiser; and

**b.**	Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal:

**a.**	You will still retain your right to bring a legal action against us, subject to the provisions of the Legal Action Against Us Commercial Property Condition; and

**b.**	We will still maintain our right to deny the claim.

8.

Sentry would show that it has demanded appraisal, naming Gary Boyd as its appraiser.  As of the time of the filing of this petition, Corinth has not yet named its appraiser.  At this point, the appraisal has not been completed, and is just now commencing.

9.

According to the terms of the insurance contract, specifically, the appraisal provision, if the two appraisers, Mr. Boyd and the appraiser to be selected by Corinth, fail for fifteen days to agree on the selection of an umpire, one may be appointed by a judge of a court having jurisdiction.  As demonstrated in Paragraph 3 above, this Court has jurisdiction in this matter, so that the Court would be authorized to appoint an umpire.  Sentry would show that by the time this petition has been served and Corinth has made its appearance, the appraisers for the parties have failed for more than fifteen days to agree on an umpire, requiring that an umpire be appointed by the Court.

10.

Pursuant to the terms of the insurance contract, Sentry hereby makes application to the Court for the Court to select a competent and impartial umpire, in order that the appraisal process

demanded by Sentry under the insurance contract can move forward.

11.

Sentry would further show that Corinth, through its attorney, has threatened to sue Sentry, making a demand on Sentry for over $1,000,000.  Under Texas law, if Sentry timely makes payment based on the appraisal award this estops or otherwise serves as a complete defense to any contractual or extra-contractual claim Corinth may have against Sentry.  As such, Sentry seeks declaratory judgment that upon completion of the appraisal, that the timely payment by Sentry of the appraisal award rendered relieves Sentry of any further liability whatsoever to Corinth under Policy No. 2532407001, the Texas Insurance Code, the Texas Deceptive Trade Practices Act, or at common law.

12.

Alternatively, Sentry would seek declaratory judgment that it has no liability to Corinth because Corinth has not sustained a pecuniary loss which would be required for it to recover under the property coverage of the Sentry policy involved in this lawsuit.  In the event Sentry has no liability to Corinth because Corinth has not sustained a pecuniary loss as would be required for coverage, Sentry would seek reimbursement from Corinth for all payments made by Sentry to Corinth which were not owed by Sentry for the damage being claimed by Corinth.

13.

There exists an actual controversy between Plaintiff and Defendant within the jurisdiction of this Court involving the rights and liabilities under the insurance policy described above issued by Sentry to Corinth.  This controversy may be determined by judgment of this Court, without other suit.

WHEREFORE, Plaintiff prays:

A. That the Court appoint a competent and impartial umpire in connection with the appraisal demanded by Corinth Automotive Plano LLC DBA Central Kia of Plano under Sentry Policy No. 2532407001;

B. That the Court, after appraisal has been concluded and Sentry's timely pays any amount, if any, that may be owed pursuant to such award, enter declaratory judgment that Sentry has no further liability to Corinth Automotive Plano LLC DBA Central Kia of Plano in connection with the insurance claim involved in this action;

C. For all taxable costs of court; and

D. For such other and further relief to which Sentry may be entitled, at law or at equity.

Respectfully submitted,

/S/Russell J. Bowman
Russell J. Bowman
Texas State Bar No. 02751550
800 West Airport Freeway, Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
E-Mail: russelljbowman@sbcglobal.net
ATTORNEY FOR PLAINTIFF